# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDITH ANN BARNETT, | CASE NO. 1:08-cv-00371-SMS PC |
| Plaintiff, | ORDER DISCHARGING ORDER TO SHOW CAUSE, AND GRANTING MOTION FOR ASSISTANCE WITH SERVICE OF PROCESS |
| v. | |
| SURYADEVARA, et al., | (Docs. 19 and 20) |
| Defendants. | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 |
| | (Doc. 1) |
| | THIRTY-DAY DEADLINE |

## Screening Order

### I. Procedural History

Plaintiff Judith Ann Barnett, a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 and California tort law on March 14, 2008. On July 1, 2009, the Court issued an order finding service of the complaint appropriate, and directing Plaintiff to complete service of process within one-hundred twenty days. On July 15, 2010, after Plaintiff's second extension of time expired, the Court ordered Plaintiff to show cause why this action should not be dismissed for failure to effect service. Fed. R. Civ. P. 4(m). Plaintiff filed a response on July 28, 2010, and requested assistance in completing service.

The Court has reviewed the case file in its entirety and finds good cause to appoint the United States Marshal effect service of process on Plaintiff's behalf. Fed. R. Civ. P. 4(c)(2). However, in

light of the change in the federal pleading standard, the Court finds, upon re-screening, that Plaintiff's complaint does not state a claim upon which relief may be granted for violation of the Eighth Amendment. 28 U.S.C. § 1915A; Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). The Court will provide the applicable standards and notice of the deficiencies in the sections that follow. Plaintiff is granted leave to file an amended complaint. If the amended complaint states cognizable claims for relief, Plaintiff may rely on the Marshal to effect service, at the Court's direction.

**II.     Screening Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Facial plausibility demands more than the mere possibility that a defendant committed misconduct, Iqbal at 1950, and while factual allegations are accepted as true, legal conclusion are not, id. at 1949.

**III.    Plaintiff's Eighth Amendment Medical Care Claim**

   **A.    Allegations**

Plaintiff is incarcerated at the Central California Women's Facility in Chowchilla. On October 6, 2006, Plaintiff was seen by medical staff for wrist pain. An x-ray was taken on January 4, 2007, and an MRI was done on April 10, 2007. On May 17, 2007, Plaintiff was referred to UC Davis for a consultation, which occurred on September 12, 2007. Plaintiff was diagnosed with Stage 4 Kienbock's Disease, which is progressive osteochondrosis of the semilunar bone. Stedman's

1  Medical Dictionary 484 (28th ed. 2006).  Plaintiff underwent surgery on January 3, 2008, and the
2  surgeon indicated a possible recovery period of up to one year.
3        Although acknowledging that the disease is difficult to diagnose, Plaintiff contends that due
4  to the delay in diagnosis and treatment, she had to have surgery and the options for Stages 1-3 of the
5  disease were not available to her.  Further, an additional surgery to fuse her wrist may be necessary,
6  which will completely disable her right hand.  Finally, Plaintiff is allergic to the pain medication
7  prescribed, and her requests for a medication change and a pillow were initially denied.  Plaintiff
8  contends that all post-surgical rehabilitation, which includes medication, follow-up consultations and
9  physical therapy, is at risk.  Plaintiff contends that Defendant Suryadevara, as Chief Medical Officer,
10 is liable under the theory of respondeat superior, and that Defendants Iyer and Sakata were aware of
11 the delays via the inmate appeals process.

12     **B.**    **Legal Standard**

13       To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison
14 conditions must involve "the wanton and unnecessary infliction of pain."  Rhodes v. Chapman, 452
15 U.S. 337, 347 (1981).  A prisoner's claim of inadequate medical care does not rise to the level of an
16 Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal
17 civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate
18 indifference in doing so.'"  Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett
19 v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).
20       A prison official does not act in a deliberately indifferent manner unless the official "knows
21 of and disregards an excessive risk to inmate health or safety."  Farmer v. Brennan, 511 U.S. 825,
22 834 (1994).  Deliberate indifference may be manifested "when prison officials deny, delay or
23 intentionally interfere with medical treatment," or in the manner "in which prison physicians provide
24 medical care."  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other
25 grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  Where a
26 prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm
27 in order for the prisoner to make a claim of deliberate indifference to serious medical needs.
28 ///

McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

### C. Discussion

Defendants may be held liable for violation of the Eighth Amendment only if they "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . ," Farmer, 511 U.S. at 837, and Plaintiff is required to show that each defendant personally participated in the deprivation of her rights, Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Defendant Suryadevara's position as Chief Medical Officer may not be used as grounds for liability under section 1983. Iqbal at 1948-49. Because Plaintiff has not linked Defendant Suryadevara to any involvement in the violation of her rights, other than under a theory of respondeat superior which is not permissible, she fails to state a claim against him.

Plaintiff concedes that Kienbock's Disease is not easy to diagnose, but alleges that Defendants Sakata and Iyer were aware of the delay in diagnosing and treating her condition by virtue of her inmate appeals. However, Plaintiff's allegations do not support a claim that either Defendant acted with deliberate indifference. Plaintiff's belief that diagnosis and treatment should have occurred sooner is insufficient to support an Eighth Amendment claim. "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a s 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to [her] health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted). Plaintiff's allegations do not link Defendants Sakata and Iyer to a knowing disregard of an excessive risk to her health, and she fails to state a claim against them.

///
///
///
///
///

## IV. Conclusion and Order

Plaintiff's complaint does not state a claim for relief under section 1983 for violation of the Eighth Amendment.[1] In light of the change in the standard governing the screening of complaints and because Plaintiff may be able to cure the deficiencies in her claims, Plaintiff shall be granted another opportunity to amend. Plaintiff may not change the nature of this suit by adding new, unrelated claims in her amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal at 1948-49. There is no respondeat superior liability, and each defendant is only liable for his or her own misconduct. Iqbal at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

///
///

---

[1] Plaintiff also alleges a medical malpractice claim. Plaintiff may not pursue any state law claims unless she states a cognizable claim under federal law. Assuming Plaintiff is able to amend to state a federal claim, she is notified that she must allege compliance with the California Tort Claims Act to pursue a medical malpractice claim, as she did in her original complaint, and she must allege sufficient facts to support a viable malpractice claim. "The elements of a medical malpractice claim are (1) the duty of the professional to use such skill, prudence, and diligence as other members of his profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the negligent conduct and resulting injury; and (4) actual loss or damage resulting from the professional's negligence." Avivi v. Centro Medico Urgente Medical Center, 159 Cal.App.4th 463, 468, n.2, 71 Cal.Rptr.3d 707, 711 (Cal. Ct. App. 2008) (internal quotations and citation omitted).

Based on the foregoing, it is HEREBY ORDERED that:

1. The order to show cause filed on July 14, 2010, is DISCHARGED, and Plaintiff's motion for assistance with service of process, filed July 28, 2010, is GRANTED;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Plaintiff's complaint, filed March 14, 2008, is dismissed for failure to state a claim under section 1983;
4. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
5. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim under section 1983.

IT IS SO ORDERED.

**Dated:   November 19, 2010**                /s/ Sandra M. Snyder
                                                                            UNITED STATES MAGISTRATE JUDGE