IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDITH ANN BARNETT, | 1:08-cv-00371-AWI-SKO (PC) |
| Plaintiff, | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL AND DENYING MOTION TO CONTINUE DEPOSITION AS MOOT |
| vs. | |
| SURYADEVARA, et al., | (Doc. 37) |
| Defendants. | |
| _____ / | |

On December 23, 2011, Plaintiff filed a motion seeking the appointment of counsel and seeking a continuance of her deposition noticed for January 11, 2012, pending consideration of her motion for counsel.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of

1  success of the merits [and] the ability of the [Plaintiff] to articulate [her] claims *pro se* in light of
2  the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).
3        In the present case, the Court does not find the required exceptional
4  circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that she has
5  made serious allegations which, if proved, would entitle her to relief, her case is not exceptional.
6  The Court is faced with similar cases almost daily. Further, at this early stage in the proceedings,
7  the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based
8  on a review of the record in this case, the Court does not find that Plaintiff cannot adequately
9  articulate her claims. Id.
10       Accordingly, Plaintiff's motion for the appointment of counsel is HEREBY
11 DENIED, without prejudice, and Plaintiff's motion to continue her deposition pending resolution
12 of her motion for counsel is DENIED as moot.
13
14 IT IS SO ORDERED.
15 **Dated:   January 3, 2012**                    /s/ Sheila K. Oberto
                                            UNITED STATES MAGISTRATE JUDGE